IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON ANN MACEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1380-JLH |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Plaintiff Sharon Ann Macey appeals from an unfavorable decision of the Commissioner of the Social Security Administration[1] denying her application for disability insurance benefits ("DIB"). This Court has jurisdiction under 42 U.S.C. § 405(g). The parties have consented to entry of final judgment by the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

The parties filed cross-motions for summary judgment. (D.I. 15, 19.) For the reasons announced from the bench on October 29, 2021, the Court finds that the decision of the Commissioner is supported by substantial evidence and that there are no reversible errors.

**I.  LEGAL STANDARDS**

Courts review the Commissioner's factual findings for "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Commissioner Kilolo Kijakazi was automatically substituted for former Commissioner of Social Security Andrew Saul when she succeeded him on July 9, 2021.

whether substantial evidence supports the Commissioner's findings, courts may not "re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also Zirsnak v. Colvin*, 777 F.3d 607, 610–11 (3d Cir. 2014). In other words, reviewing courts must affirm the Commissioner if substantial evidence supports the Commissioner's decision, even if they would have decided the case differently.

To determine if a claimant is disabled, the Commissioner follows a five-step sequential inquiry. *See* 20 C.F.R. § 416.920(a)(4)(i)–(v). The Third Circuit has previously explained this sequential analysis, and the shifting burdens that attend each step, in detail:

> The first two steps involve threshold determinations. In step one, the Commissioner must determine whether the claimant currently is engaging in substantial gainful activity. If a claimant is found to be engaging in substantial gainful activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. If the impairment is equivalent to a listed impairment the disability claim is granted without further analysis. If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. The claimant bears the burden of demonstrating an inability to return to his past relevant work. If the claimant does not meet the burden the claim is denied.
>
> If the claimant is unable to resume his former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. The Commissioner must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his or her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of

2

>all the claimant's impairments in determining whether he is capable of performing work and is not disabled.

*Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545–46 (3d Cir. 2003) (internal citations omitted). The analysis is identical whether an application seeks disability insurance benefits or supplemental security income. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 n.3 (3d Cir. 2004).

## II. DISCUSSION

The decision of the Court was announced from the bench at the conclusion of the hearing as follows:

>Plaintiff's motion for summary judgment is denied and the Commissioner's cross-motion for summary judgment will be granted.
>
>Plaintiff argues that the ALJ failed to appropriately consider the results of a Functional Capacity Evaluation (FCE) performed by Carina Rodriguez, MS, PT, which resulted in a residual functional capacity (RFC) that improperly failed to include any sitting limitations or a sit/stand option. Ms. Rodriguez opined that Plaintiff could walk ten to fifteen minutes and sit up to sixty minutes with frequent shifting of her weight from side to side and that she would need to recline occasionally and change positions from sitting to standing every thirty minutes.[2] The ALJ discredited Ms. Rodriguez's opinion and did not include the sitting limitations or a sit/stand option in the RFC.
>
>I find no error in the ALJ's consideration or treatment of Ms. Rodriguez's FCE opinion. First, it is clear from the ALJ's decision that she did not ignore the conclusions in the FCE. Rather, she simply did not credit them. And she explained that she did not credit Ms. Rodriguez's opinion because she found that it was not supported by a detailed explanation as to how the objective data necessitated such restrictive limitations and that such limitations were inconsistent with the evidence.
>
>Second, there is substantial evidence to support the ALJ's decision not to adopt the restrictive limitations from the FCE into the RFC. For example, the ALJ considered that the FCE itself "revealed a mostly normal cervical spine and some greater pain with

---

[2] (Transcript of Social Security Proceedings, D.I. 11–12 ("Record" or "R."), at 710.)

3

range of motion of the lumbar spine but within normal strength, range of motion, sensation in the upper and lower extremities, tandem walk and gait."[3]

The ALJ also credited the December 2017 opinion of Dr. Irwin Lifrak, M.D., following a consultative examination.[4] Dr. Lifrak opined that the claimant could sit for up to six hours and stand for four to six hours in an eight-hour workday without use of an assistive device.[5]

The ALJ also credited the opinions of state agency medical consultants in prior administrative findings. These consultants opined that Plaintiff could stand/walk for four hours and sit for six hours.[6] The ALJ found these opinions persuasive because they were well supported with explanation and were consistent with the evidentiary record.

The ALJ also noted that Plaintiff reported to Ms. Rodriguez that she stopped working in 2018 so she could care for her sick husband. And the ALJ further considered that Plaintiff's activities of daily living included caring for her husband and grandson and that Plaintiff stated in her self-reported activity questionnaire that she was walking and/or standing for eleven hours per day and sitting or reclining for seven hours.[7]

Plaintiff points out that Ms. Rodriguez's FCE assessment is corroborated by the opinions of Plaintiff's treating neurosurgeon, Dr. Boulos, from 2018 and 2019.[8] In 2018, Dr. Boulos opined that Plaintiff could only sit for twenty to thirty minutes at one time and up to three hours in total during an eight-hour workday. He also opined that she could only stand for up to ten minutes at a time,

---

[3] (R. at 18, 708–10.)

[4] (R. at 16–17.)

[5] (R. at 587–88.)

[6] (R. at 18, 86, 101–02.)

[7] (R. at 15–17, 50–51, 710.) *See Muschko v. Comm'r Soc. Sec.*, No. 20-2771, 2021 WL 3666638, at *3 (3d Cir. Aug. 18, 2021); 20 C.F.R. § 404.1529(c)(3)(i) (stating the agency will consider claimant's daily activities in evaluating subjective complaints).

[8] (R. at 17.)

4

would need to alternate between sitting and standing at will, and could remain at a workstation for up to four hours.[9] In 2019, Dr. Boulos's opinion contained similar limitations but with a further reduction in standing/walking and sitting/standing.[10]

However, the ALJ did not find these opinions persuasive because Dr. Boulos provided no explanation in the 2018 opinion and little explanation in the 2019 opinion supporting such restrictive limitations, and the limitations were inconsistent with the evidence in the medical record.[11] Dr. Boulos's reports referred to no objective evidence supporting the limitations argued by Plaintiff, such as medical tests or reports, or other evidence, such as [Plaintiff]'s own reported symptoms or pain. Moreover, Dr. Boulos's own records indicate each of Plaintiff's surgeries performed by him went well and that Plaintiff was recovering well.

In sum, the ALJ explained why she discounted Ms. Rodriguez and Dr. Boulos's opinions and her decision to do so was consistent with current [Social Security Administration] (SSA) regulations, which provide that the most important factors to be considered when weighing or deciding to credit medical opinions are supportability and consistency.[12]

Plaintiff argues that the ALJ's decision cherry-picked evidence from the record to support her conclusions. I disagree. The ALJ's decision summarized the evidence chronologically and thoroughly and properly indicated which of the opinions the ALJ rejected and the reason(s) why.[13]

In sum, I conclude that the ALJ did not commit error in her consideration of the FCE and that the ALJ's RFC determination was supported by substantial evidence.

---

[9] (R. at 592–93.)

[10] (R. at 701–02, 772–74.)

[11] (R. at 17.)

[12] See 20 C.F.R. § 404.1520c.

[13] See Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981).

5

### III.     CONCLUSION

Plaintiff's motion for summary judgment (D.I. 15) is DENIED and Defendant's motion for summary judgment (D.I. 19) is GRANTED.

The Clerk of Court is directed to enter judgment in favor of Defendant and to CLOSE the case.

Dated: December 27, 2021

_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE